IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MARKEL ODEN, individually and
On behalf of all others similarly
situated,

     Plaintiff                COLLECTIVE AND CLASS ACTION

V.                                 CASE NO.:

STARBUCKS CORPORATION.

     Defendant

**_____.**

## COLLECTIVE AND CLASS ACTION COMPLAINT
## FOR AGE DISCRIMINATION AND DEMAND FOR JURY TRIAL

Individual and Representative Plaintiff, MARKEL ODEN ("Plaintiff" or "Oden"), on behalf of himself and all others similarly situated, alleges, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

## SUMMARY OF THE CLAIMS

1. This is a class and collective action brought by former employee of Defendant Starbucks Corporation alleging violations of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621,

et seq. ("ADEA") as well as The Georgia Age Discrimination Act, GA Code
Sec. 34-1-2.

## DEFENDANT STARBUCKS.

2. Defendant operates as the World's largest coffee shop chain (wiki) with 8941
   stores in the US as of 2020 as per the corporate 10k annual report for 2020.

3. Starbucks Corporation is a Washington state, for profit Corporation with
   principal offices located at 2401 UTAH AVE S MS: S-LA1 SUITE 800
   SEATTLE, WA 98134 and may be served at the same address to its
   registered agent, SR. VP and Chief Legal Officer, Scott Kizer, Esq.

4. Defendant's revenues topped $26 billion dollars in 2019 and 23.5 Billion
   dollars in 2020.

5. Defendant also employed 349,000 employees as of 2021.

6. At all times material hereto, Starbucks is and was Plaintiff's Employer
   within the meaning under the ADEA, and The Georgia Age Discrimination
   Act, GA Code Sec. 34-1-2.

## DISCRIMINATORY PRACTICES

7. STARBUCKS' culture and practices have the benefits of its enormous success unequally, systematically favoring younger applicants at the expense of their older counterparts.

8. Upon information and belief, individuals 40 years of age and older are rarely being offered STORE MANAGER positions, whether by application from persons outside the company or from internal applications from employees seeking promotion from within related to posted openings.

9. As of November 2, 2021, Defendant has posted 429 store manager openings and 382 Assistant Store Manager openings.

10. Over the last 5 or more years, Starbucks has engaged in a targeted, systematic scheme to eliminate and terminate as many of its older workers as possible and become younger in its staffed workforce.

11. Back in 2018, the Huffington Post reported that numerous employees had claimed that Starbucks was in fact discriminating against older workers. https://www.huffpost.com/entry/starbucks-age-discrimination_n_5b204db9e4b0adfb826eec77.

12. Starbucks also has been found to have had discriminatory employment practices towards African Americans, and even settled with the EEOC in 2021).

https://www.cnbc.com/2021/03/31/starbucks-reaches-deal-with-eeoc-over-al
leged-racial-discrimination.html;

https://www.seattletimes.com/business/starbucks-reaches-agreement-with-ee
oc-over-alleged-bias-in-promotions/.

13. The Huffington Post spoke with 7 Starbucks managers — both current and former — across five different states who told of similar experiences. These managers all claim that they were the victims of a campaign of management bullying, and several of whom claim they were either pushed out or fired for one simple violation: being older than 40.

**STARBUCKS' PRACTICES AND TREATMENT OF OLDER WORKERS**

14. Starbucks, upon information, has disturbingly terminated a high percentage of its older workers over the age of 40, as compared to its employees under 40, including many employees who had long standing careers with the company, and who did not have a history of written disciplinary action, including Plaintiff and others similarly situated, in an effort to obtain a younger workforce.

15. Upon information and belief, during the period of 2013 to the present, Starbucks terminated many persons over the age of 40, and continues this practice to the present without providing them the same progressive

4

disciplinary policies and practices younger employees and all other employees are eligible for.

16. Upon information and belief, numerous manager employees over 40 have similarly been terminated across the U.S. during this same time frame and continuing to the present; and Starbucks is no stranger to similar claims of age discrimination by former employees.

17. Further, Defendant maintained a de facto policy of hiring younger managers, and upon information and belief, in fact replaced Oden with a store manager believed to be in the age range of 20's or 30's.

18. Upon information and belief, Defendant never provided any opportunity to older employees, those over 40 or to applicants for the Store Manager position when replacing Plaintiff and excluded older workers and persons from any real consideration for this position.

## JURISDICTION AND VENUE

19. This Court has original subject matter jurisdiction over the ADEA claims pursuant to 28 U.S.C. § 1331 and Section 7(c) of the ADEA, 29 U.S.C. § 626(c).

20. This Court has supplemental jurisdiction over The Georgia Age Discrimination Act, GA Code Sec. 34-1-2 claims pursuant to 28 U.S.C. §

1367, because they arise from a common nucleus of operative facts with the federal claims and are so related to the federal claims as to form part of the same case or controversy under Article III of the United States Constitution.

21. The United States District Court for the Northern District of Georgia has personal jurisdiction over STARBUCKS because the company does business in Georgia and in this District, and because the acts complained of and giving rise to the alleged claims, occurred in and emanated from this District.

22. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this District.

23. Plaintiff has exhausted his administrative remedies and complied with all statutory prerequisites to his ADEA claims.  Oden filed a charge of age discrimination  on or about September 4, 2021, with the Equal Employment Opportunity Commission ("EEOC").  More than 60 days has passed since he filed the charge and Plaintiff may thus commence with filing this action pursuant to 29 U.S.C. § 626(d)(1).

24. Any and all other prerequisites to the filing of this suit have been met.

25. This Court has supplemental jurisdiction over Plaintiff's state law claims and the Georgia Class Action under The Georgia Age Discrimination Act, GA Code Sec. 34-1-2.

## PARTIES

**PLAINTIFF MARKEL ODEN**

26. Plaintiff had been employed by STARBUCKS from **04/07/2016** but suffered an adverse employment action when he was terminated from his position as the STORE MANAGER, on or about July 7, 2021.

27. Plaintiff resides in Fulton, County Florida, and at all times material, was a store manager working at a Starbucks store located at 10800 ALPHARETTA HWY ROSWELL, GA 30076.

28. Oden is nearly 60 years of age, currently 59, and his District Manager, his superior, Jessica Graves, is believed to be in her 30's.

29. Graves' profile indicates she was promoted from a store manager position in 2019, after just 3 years as a store manager. See https://www.linkedin.com/in/jgraves3/

30. Oden was never given any opportunity to interview for the District Manager position when it was clearly open in 2019, despite the fact that he had been a

7

store manager for 3 years as well, another example of Starbucks discriminating against older workers.

31. Prior to being terminated, Oden had not been formally written up or disciplined for any reasons, and his last annual job review was excellent.

32. However, Oden was placed under the supervision of a new District Manager, who was substantially younger than him and under the age of 40.

33. Oden was terminated without warning, and without being placed on any PIP. Moreover, he was never offered any alternative of a lower level position such as an ASM, or even just a barista or offered any demotion as an alternative or option for termination of his employment.

34. After Defendant Starbucks terminated Oden, upon information and belief a store manager under the age of 40 was hired to replace him.

35. Oden's last salary as a full-time employee in the position of Store Manager was $80,000 in addition to earning quarterly bonus opportunities in the range of $3000 per quarter.

36. At the time of his termination, Oden was not on any Performance Improvement Plan (PIP), and had not been written up in the past 3 to 4 years, or more, preceding his termination.

37. Oden was not given any poor performance reviews or placed on any PIP prior to being demoted.

38. Oden was not given any opportunity to engage management in the alleged misconduct or reasons for his termination, and instead was handed a "death sentence" of termination of his employment immediately despite years of favorable performance.

## **GENERAL FACT ALLEGATIONS**

39. Starbucks has spearheaded a blatant campaign of age discrimination in hiring since 2015 under the auspices of The 100,000 Opportunities Initiative, which includes many of our nation's largest corporations (i.e. Walmart, Microsoft,CVS).

   https://stories.starbucks.com/press/2018/us-companies-and-foundations-connecting-atlanta-youth-to-jobs/

40. Plaintiff's superior, Jessica Graves accused Plaintiff of himself being discriminatory.

41. Upon information and belief, Graves and Starbucks failed to perform any actual or real investigation, not interviewing all available witnesses and not even considering any statements or response from Oden related to the accusations.

42. Plaintiff was not actually or knowingly discriminatory towards any employee.

43. Graves and Starbucks were motivated by their desire and by company de Facto policy to weed out older store managers and promote a younger, more vibrant appearance.

44. Oden was notified of an alleged investigation about him, but within 2 weeks, was merely informed that he was terminated without any real discussion or opportunity to be heard.

45. Upon information and belief, Starbucks has a history of seeking to terminate and force out older workers, and upon information and belief, some of whom likewise filed charges with the EEOC for age discrimination.

## **COLLECTIVE ACTION ALLEGATIONS**

46. Plaintiff Oden brings this collective action pursuant to 29 U.S.C. §§ 216(b), 626(b) seeking liability-phase injunctive and declaratory relief and damages on behalf of a collective of all applicants and deterred prospective applicants for the Covered Positions ages 40 and older in the United States at any time from November 5, 2019, through the resolution of this action for claims under the ADEA, and all those persons in management over the age of 40 who were terminated from management positions.

## THE PROPOSED PUTATIVE CLASS

**All persons over the age of 40 previously employed by STARBUCKS in the United States and its territories, and whose employment with STARBUCKS was terminated during the period of November 4, 2019, through the present, in the positions of Store Manager or other persons in management or supervisory positions, or who, as employees, were denied promotions, or alternative open and posted positions they applied for within the company.**

47. Plaintiff also brings this collective action pursuant to 29 U.S.C. §§ 216(b), 626(b) or monetary damages and other make-whole relief on behalf of a collective of all applicants and deterred prospective applicants for the Covered Positions ages 40 and older in the United States and its territories at any time from November 5th, 2019, through the resolution of this action for claims under the ADEA.

48. Plaintiff, and other potential members of the collective, are similarly situated in that they have all sought and been denied, or were deterred from applying for, the Covered Positions at STARBUCKS by policies and practices that have the purpose and effect of denying them employment opportunities because of their age.

49. Similarly, Plaintiff and other potential members of the collective are similarly situated in that they have all been intentionally terminated and/or constructively terminated from their employment by STARBUCKS, or

demoted from Covered Positions at STARBUCKS because of intentional, and unlawful discriminatory policies and practices to target and eliminate older workers from its workforce.

50. There are many similarly situated collective members who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit.   Notice should be sent to the collective pursuant to 29 U.S.C. §§ 216(b), 626(b).

51. As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the ADEA with respect to Plaintiff and the collective.

52. This policy and pattern or practice includes, but is not limited to:

    a.  willfully utilizing a biased recruiting system for entry-level accounting hiring that excludes, deters, and discriminates against workers ages 40 and over;

    b.  willfully implementing a mandatory early retirement policy that deters and discriminates against applicants ages 40 and over for the Covered Positions;

    c.  willfully refusing to hire applicants ages 40 and over for the Covered Positions.

53. Starbucks maintained and implemented these policies and practices with the purpose and effect of denying Plaintiff, and other members of the collective, employment opportunities because of their age. These policies cannot be justified by reasonable factors other than age.

54. Starbucks likewise maintained and implemented these intentional and willful policies and practices with the purpose of eliminating its older workers, specifically persons over age 40, and replacing them with younger workers under the age of 40.

55. Starbucks is aware, or should have been aware, that federal law requires it to conduct recruitment and hiring for the Covered Positions without regard to an applicant's age.

56. Likewise, Starbucks is aware that federal law prohibits using Age as the reason to terminate, or seek to terminate, workers, or treat them differently, or target them, and scrutinize them differently than their peers solely because of their age over 40.

57. Plaintiff is aware of another Store Manager who was over the age of 40 also subjected to similar discriminatory employment actions.

## CLASS ACTION ALLEGATIONS

58. Plaintiff also brings this class action, pursuant to Federal Rules of Civil Procedure 23(a), (b)(2), and (c)(4), seeking liability-phase injunctive, and declaratory relief on behalf of a class of all applicants, and deterred prospective applicants ages 40 and older, for the Covered Positions in GEORGIA at any time from November 5, 2019, through the resolution of this action for claims under The Georgia Age Discrimination Act, GA Code Sec. 34-1-2.

**The CLASS:**

**All persons over the age of 40 previously employed by STARBUCKS in GEORGIA, whose employment with STARBUCKS was terminated during the period of November 5, 2019, through the present, in the position of Store Manager other management positions, or who, as current employees, were denied promotions, or not considered for other open positions they applied for.**

59. Plaintiff also brings this class action, pursuant to the Federal Rules of Civil Procedure 23(a) and (b)(3), for monetary damages, and other make-whole relief on behalf of a class of all applicants, as well as deterred prospective applicants ages 40 and older, for the Covered Positions in Georgia at any time from November 5, 2019, through the resolution of this action for claims under The Georgia Age Discrimination Act, GA Code Sec. 34-1-2.

60. Plaintiff reserves the right to amend the definition of the class based on discovery or legal developments.

61. Plaintiff is a member of the class he seeks to represent.

62. The members of the class identified herein are so numerous that joining all members is impracticable. As of 2020, Starbucks employs over 10,000 employees in Georgia, with 325 or more stores or locations. Although Plaintiff does not know the precise number of all STARBUCKS applicants, and deterred prospective applicants ages 40 and older, the number is far greater than can feasibly be addressed through joinder.

63. The same holds true for the number of persons in GEORGIA over the age of 40 who were discharged, terminated, or constructively discharged/forced to retire because of their age.

64. An example of constructive discharge occurred and occurs when Baycare demotes an employee, solely due to their age, to a position of such financial harm, and detriment, that it is essentially the equivalent of a discharge. Regardless, Defendant's actions of relegating, or demoting, full-time employees to part-time employment, and other similar decisions based upon the age of employees, such as not considering older employees for open positions, or promotions, based solely upon his or her age, is intentional

discrimination, conduct of which Starbucks has been engaged in over several years preceding the filing of this lawsuit.

65. Based upon information and belief, since 2015, the average age of Store Managers being hired has been getting younger and younger, and most if not all hired managers were under age 50.

66. There are questions of law, and facts common to the class, these questions predominate over any questions affecting only individual members. Common questions include, among others:

   a. whether Defendant's policies or practices exclude prospective applicants ages 40 and over from applying to the Covered Positions;

   b. whether Defendant's policies or practices deter prospective applicants ages 40 and over from applying to the Covered Positions;

   c. whether Defendant's policies or practices discriminate against applicants, and deter prospective applicants, ages 40 and older; and whether Defendant intentionally disfavors applicants ages 40 and older;

   d. whether Defendant's policies and practices violate The Georgia Age Discrimination Act, GA Code Sec. 34-1-2;

    e.   whether Defendant's challenged policies or practices are necessary to its business operations; whether age is a bona fide occupational qualification; and whether Defendant's challenged policies or practices are necessary to its business operations;

    f.   whether age is a bona fide occupational qualification; and

    g.   whether equitable remedies, injunctive relief, compensatory damages, and punitive damages are warranted for the class.

67. The Representative Plaintiff's claims are typical of the claims of the class.

68. The Representative Plaintiff will fairly and adequately represent and protect the interests of the members of the class. Plaintiff has retained counsel competent and experienced in complex class actions, employment discrimination litigation, and the intersection thereof.

69. Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(2), in that Defendant has acted and/or refused to act on grounds generally applicable to the class, making appropriate declaratory and injunctive relief with respect to Plaintiff and the class as a whole. The class members are entitled to injunctive relief to end Defendant's common, uniform, unfair, and discriminatory policies and practices.

70. Class certification is also appropriate pursuant to Federal Rule of Civil Procedure 23(b)(3), in that common questions of fact and law predominate over any questions affecting only individual members of the class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. The class members have been damaged and are entitled to recovery as a result of Defendant's common, uniform, unfair, and discriminatory policies and practices.

71. The propriety and amount of punitive damages are based on Defendant's conduct, making these issues common to the class.

**CLAIMS OF REPRESENTATIVE PLAINTIFF MARKEL ODEN**

72. Plaintiff, Markel Oden, is a 59-year-old former Starbucks Store Manager with over 30 years of management experience.   Notwithstanding his experience, Kurland is, and was at all times, willing to take even a lower level pharmacist or clinical pharmacist position in order to maintain his employment, but BayCare has refused to permit him to continue employment after December, 2019, making good on their unlawful, discriminatory, and unilaterally forced "retirement" which Plaintiff has opposed and objected to.

73. However, Starbucks did not offer Plaintiff any alternative positions, and has, effectively, terminated his employment, despite his nearly unblemished record and history with Starbucks, and with over 6 years of dedication and loyalty to the company.

74. Plaintiff has been unable to fully mitigate his damages, and replace the income and suffers loss of income.

75. In Plaintiff's last annual performance reviews prior to the year of his termination, he exceeded all, or mostly all, required performance numbers, and received favorable ratings.

76. Plaintiff's superiors improperly accused Plaintiff of himself being discriminatory, yet knew that Plaintiff did not act in any discriminatory manner and presented him with false reasons for his termination.

77. The decision to terminate Plaintiff and the alleged reason for terminating his position, without consideration for other less sanctions or discipline, including demotion, was a pretext for unlawful and discriminatory conduct.

78. The reasons for Plaintiffs termination were a pretext for unlawful discrimination, based upon Defendant's intention, policies and practices to find reasons to terminate older workers, to scrutinize on different standards than non older workers, and to not provide them equal treatment under and

according to the STARBUCKS' progressive disciplinary policies and procedures.

79. Defendant had at the time of his termination posted numerous assistant manager and store level barista positions, none of which were ever offered to Plaintiff as an option in lieu of termination.

80. It was well rumored by other staffed employees, that Starbucks had an unwritten policy and directive of looking to get younger and find a means to replace older workers with younger workers, and that Starbucks maintained this De Facto Policy.

81. Plaintiff requested alternative positions, an opportunity to be heard but was denied all such opportunities.

82. Defendant asserted false statements and facts to other employees regarding the reasons for Plaintiff's termination.

## COUNT I FIRST CLAIM FOR RELIEF
### Intentional Discrimination (Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 623(a)(1)) (On Behalf of Plaintiff and to all others similarly situated)

83. Plaintiff incorporates the preceding paragraphs as alleged above. This Claim is brought by Plaintiff individually, and on behalf of all others similarly situated as defined above.

84. Plaintiff has timely filed charges with the EEOC and has thus exhausted his administrative remedies. Sixty days have passed since Plaintiff has filed charges with the EEOC.

85. STARBUCKS engages in an intentional, company-wide, and systematic policy, pattern, and/or practice of discrimination against applicants and prospective applicants ages 40 and older.

86. Similarly, Starbucks engages in an intentional, company-wide, and systematic policy, pattern, and/or practice of discrimination against older workers ages 40 and older, including the practice of treating them differently than younger peers, and using their age as the reason to seek termination of their employment.

87. Starbucks has intentionally discriminated against Plaintiff and the collective in violation of the ADEA by, among other things:

    a. Utilizing a biased recruitment system that deters prospective applicants ages 40 and older from applying for the Covered Positions;

b. Utilizing a biased recruitment system that excludes prospective applicants ages 40 and older from applying for the Covered Positions;

c. Utilizing a biased recruitment system that discriminates against prospective applicants ages 40 and older;

d. Implementing a mandatory early retirement policy that deters applicants ages 40 and over from applying to the Covered Positions;

e. Implementing a mandatory retirement policy that causes Defendant to discriminate against older workers; and

f. Systematically and intentionally discriminating against applicants ages 40 and older throughout the hiring process.

88. These company-wide policies are intended to and do have the effect of denying Plaintiff and the collective employment opportunities because of their age.

89. The discriminatory acts that constitute Starbuck's pattern and/or practice of discrimination have occurred both within and outside the liability period in this case.

90. Age is not a bona fide occupational qualification for the Covered Positions.

91. As a direct result of Starbucks discriminatory policies and/or practices as described above, Plaintiff and the collective have suffered damages

including, but not limited to, lost past and future income, loss of other compensation, and the values of fringe benefits, and suffered non-economic damages including mental anguish, humiliation, pain and suffering and harm to their reputations.

92. It is unlawful for any employer to "discriminate against an individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's age." ADEA, 29 U.S.C. §623(a)(1).

93. It is also unlawful for an employer to "limit, segregate or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect the status of an employee, because of such individual's age." ADEA, 29 U.S.C. § 623(a)(2).

94. Plaintiff is a member of a protected class as an employee older than forty years of age, and at all relevant times was an employee of Starbucks.

95. Because of Mr. Oden's age, Defendant took an adverse employment action against him by terminating him upon some alleged incident and without complying with and following their own standardized disciplinary measures as outlined in their employee handbook and thus treated Plaintiff different

than other employees because of his age and Defendant's motivation to replace and weed out older workers, specifically older managers.

96. Defendant's actions as outlined herein are discriminatory towards older workers.

97. Starbucks adverse employment action against Plaintiff, and similar adverse employment actions against members of the ADEA Collective Action, were undertaken in direct violation of the ADEA, 29 U.S.C. §§ 621, et seq.

98. Because of Starbuck's Company-wide policy of age discrimination, including a De Facto policy of treating older managers to different disciplinary standards and plan to staff younger managers in its stores, Plaintiff has suffered, and will continue to suffer, irreparable injury.

99. On information and belief, members of the ADEA Collective Action have suffered or will suffer similar irreparable injury as a result of Starbuck's common policy of age discrimination.

100.  As a result of Defendants' practices, Plaintiff and the members of the ADEA Collective Action are entitled to appropriate injunctive relief under 29 U.S.C. §§ 626 (b) and © and 29 U.S.C. § 216(b)— including but not limited to reinstatement or promotion to their rightful positions; an injunction against STARBUCK's use of age as a factor in hiring, promoting

and applicant's for store management positions in the Future, and subjecting older workers to differing and levels of disciplinary tracts than younger workers, and prohibiting further discriminatory conduct towards class members; and any other injunctive relief that the Court deems proper.

101.  The foregoing conduct constitutes illegal, intentional discrimination and unjustified disparate treatment prohibited by 29 U.S.C. § 623(a)(1).

102.  As a result of Defendant's unlawful and discriminatory practices, Plaintiff has suffered loss of income, pain and suffering and humiliation.

## COUNT II AGE DISCRIMINATION VIOLATION OF THE GEORGIA AGE DISCRIMINATION ACT, GA CODE SEC. 34-1-2 (Individually and on behalf of the proposed putative class)

103.  Plaintiff incorporates the preceding paragraphs as alleged above. This Claim is brought by Representative Plaintiff on behalf of himself and the collective he represents.

104.  Plaintiff has timely filed charges with the EEOC and has thus exhausted his administrative remedies. Sixty days have passed since Plaintiff has filed charges with the EEOC and the EEOC has taken no action.

105.  Starbucks engages in an intentional, company-wide, and systematic policy, pattern, and/or practice of discrimination against applicants and prospective applicants ages 40 and older.

106.  Similarly, Starbucks engages in an intentional, company-wide, and systematic policy, pattern, and/or practice of discrimination against older workers ages 40 and older, including the practice of treating them differently than younger peers by subjecting them to a different disciplinary policy and practice, and by using their age as the reason to seek termination of their employment.

107.  Starbucks has intentionally discriminated against Plaintiff and the collective in violation of The Georgia Age Discrimination Act, GA Code Sec. 34-1-2 by, among other things:  Utilizing a biased recruitment system that deters prospective applicants ages 40 and older from applying for the Covered Positions; Utilizing a biased recruitment system that excludes prospective applicants ages 40 and older from applying for the Covered Positions;Utilizing a biased recruitment system that discriminates against prospective applicants ages 40 and older; Implementing a mandatory early retirement policy that deters applicants ages 40 and over from applying to the Covered Positions; Implementing a mandatory early retirement policy

that causes Defendant to discriminate against applicants ages 40 and over who apply to the Covered Positions; and Systematically and intentionally discriminating against applicants ages 40 and older throughout the hiring process.

108. These company-wide policies are intended to and do have the effect of denying Plaintiff and the collective employment opportunities because of their age.

109. The discriminatory acts that constitute Starbuck's pattern and/or practice of discrimination have occurred both within and outside the liability period in this case.

110. Age is not a bona fide occupational qualification for the Covered Positions.

111. As a direct result of Starbucks discriminatory policies and/or practices as described above, Plaintiff and the collective have suffered damages including, but not limited to, lost past and future income, loss of other compensation, and the values of fringe benefits, and suffered non-economic damages including mental anguish, humiliation, pain and suffering and harm to their reputations.

112.   The foregoing conduct constitutes illegal, intentional discrimination and alternatively as unjustified disparate treatment prohibited by The Georgia Age Discrimination Act, GA Code Sec. 34-1-2.

113.   Defendant's actions as outlined herein are discriminatory towards older workers.

114.   Starbuck's adverse employment action against Plaintiff, and similar adverse employment actions against members of the GEORGIA CLASS, were undertaken in direct violation of The Georgia Age Discrimination Act, GA Code Sec. 34-1-2.

115.   Because of Starbuck's Company-wide policy of age discrimination, including a De Facto policy of treating older managers to different disciplinary standards and plan to staff younger managers in its stores, Plaintiff has suffered, and will continue to suffer, irreparable injury.

116.   On information and belief, members of the GEORGIA CLASS have suffered or will suffer similar irreparable injury as a result of Starbuck's common policy of age discrimination.

117.   As a result of Defendants' practices, Plaintiff and the members of the GEORGIA CLASS are entitled to appropriate injunctive relief under The Georgia Age Discrimination Act, GA Code Sec. 34-1-2 and 29 U.S.C. §

216(b)— including but not limited to reinstatement or promotion to their rightful positions; an injunction against STARBUCK's use of age as a factor in hiring, promoting and applicant's for store management positions in the Future, and subjecting older workers to differing levels of disciplinary tracts than younger workers, and prohibiting further discriminatory conduct towards class members; and any other injunctive relief that the Court deems proper.

118.   The foregoing conduct constitutes illegal, intentional discrimination and unjustified disparate treatment prohibited by The Georgia Age Discrimination Act, GA Code Sec. 34-1-2.

119.   As a result of Defendant's unlawful and discriminatory practices, Plaintiff has suffered loss of income, pain and suffering and humiliation

## ALLEGATIONS REGARDING RELIEF

120.   Plaintiff and the class and collective members he seeks to represent have no plain, adequate, or complete remedy at law to redress the wrongs alleged herein, and the injunctive relief they seek in this action is the only means of securing complete and adequate relief.

121.   Plaintiff and the class and collective members he seeks to represent are now suffering, and will continue to suffer, irreparable injury from Defendant's discriminatory acts and omissions.

122.   Defendant's actions have caused and continue to cause Plaintiff and class and collective members substantial losses in employment opportunities, earnings, and other employment benefits.

123.   In addition, Plaintiff and class and collective members suffered and continue to suffer emotional distress, humiliation, embarrassment, and anguish, all to their damage in an amount according to proof.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and the class and collective pray for relief as follows:

(a)   Certification of the case as a class action on behalf of the proposed class;

(b)   Designation of Plaintiff MARKEL ODEN as representative of the class;

(c)   Designation of Representative Plaintiff's counsel of record as class counsel;

(d)     A declaratory judgment that the practices complained of herein are unlawful and violate THE ADEA and The Georgia Age Discrimination Act, GA Code Sec. 34-1-2;

(e)     A preliminary and permanent injunction against Defendant and its Partners, officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in policies, patterns, and/or practices that discriminate against OLDER WORKERS/employees and job applicants because of their age;

(f)     An order that Defendant institute and carry out policies, practices, and programs that provide equal employment opportunities for all employees regardless of age, and that it eradicate the effects of their past and present unlawful employment practices;

(g)     An order appointing a monitor to ensure that Defendant complies with the injunction provisions of any decree that the Court orders;

(h)     An order retaining jurisdiction over this action to ensure that Defendant complies with such a decree;

(i)     An order for front pay benefits to Plaintiff and class and collective members;

31

(j)     Back pay (including interest and benefits) for Plaintiff and class and

collective members;

(k)     All damages sustained as a result of Defendant's conduct, including

damages for compensatory damages for emotional distress, humiliation,

embarrassment, and anguish, according to proof;

(l)     Liquidated damages;

(m)    Exemplary and punitive damages in an amount commensurate with

Defendant's ability to pay and to deter future conduct;

(n)     Costs incurred herein, including reasonable attorneys' fees to the

extent allowable by law;

(o)     Pre-judgment and post-judgment interest, as provided by law; and

(p)     Such other and further legal and equitable relief as this Court deems

necessary, just, and proper.

(q)     That Defendant be ordered to pay to Plaintiff all reasonable attorney's

fees plus costs and expenses of this suit and litigation as per 29 U.S.C. § 626(b)

and GA Code Sec. 34-1-2;

(r)     That the court award Plaintiff all compensatory damages for all

Counts, including for all pain and suffering;

(s)     That the Court grant Plaintiff such other equitable relief and damages, including front pay, as may be just proper.

(t)     That the Court award punitive damages against Defendant for all counts.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and 29 U.S.C. §, Plaintiff demands a trial by jury in this action.

Filed this 29th day of November, 2021.

*/s/ Mitchell L. Feldman, Esq.*
Mitchell L. Feldman, Esq.
FL Bar No.: 0080349
FELDMAN LEGAL GROUP
Em: mfeldman@flandgatrialattorneys.com
6916 W. Linebaugh Ave. #101
Tampa, FL 33625
Tel: (813) 639-9366
Fax: (813) 639-9376
*Attorney for Plaintiff and the classes*
*Of similarly situated*